UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD D. SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>K. CHAPPELL, Warden; et al.,<br><br>    Defendants.<br>                                         / | No. C 13-310 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Floyd D. Smith, an inmate incarcerated on death row at San Quentin State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983, complaining about an alleged risk to his safety. His complaint is now before the court for review under 28 U.S.C.§ 1915A.

## BACKGROUND

Smith alleges in his complaint that, on July 19, 2012, correctional counselors Ebert and Sword "attempted" to have him attacked or killed by other inmates by recommending to the Institution Classification Committee ("ICC") that he be sent to a particular yard. Docket # 1, p. 3. Smith allegedly had "documented safety concerns located in [his] central file" about the yard. *Id.* Smith alleges that he filed inmate appeals about the incident, and several defendants failed to grant relief to him.

Although the two correctional counselors allegedly attempted to have him assigned to one of those yards, Smith does not state whether he ever was actually assigned to either of those yards. His exhibits indicate that he was not sent to one of those yards. According to his inmate appeal, the two correctional counselors attempted to have him sent to the condemned exercise yard # 1 or # 2. *See* Docket # 1-1, p. 2. The ICC report states that Smith was sent to the Grade A small management exercise yard after he stated he could not program on exercise yard # 1 and # 2. *See* Docket # 1-1, p. 12.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In particular, officials have a duty to protect inmates from violence at the hands of other inmates. *See id.* at 833. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. at 834. To be liable in a failure to prevent harm situation, the official must know of and disregard an excessive risk to inmate safety. *See id.* at 837.

The complaint fails to state a claim for an Eighth Amendment violation. Smith has not alleged an objectively serious condition, as he did not allege whether it was merely recommended or whether he was actually sent to the yard in which the danger existed. Smith also has not alleged that anyone acted with the requisite mental state because he does not allege that the defendants actually knew of the risk to his safety in the contemplated yards. He alleges that the safety concerns were documented in his central file, but that does not necessarily mean that any particular correctional counselor knew of them. Leave to amend will be granted so that Smith may attempt to allege facts showing an Eighth Amendment violation.

Smith alleges that various officials covered up, and failed to correct, the misconduct of the two correctional counselors by denying his inmate appeals. The mishandling or failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Prison officials are not liable for a due process violation for simply failing to process an appeal properly or failing to find in plaintiff's favor. The due process claim is dismissed.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **May 24, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed without prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we

3

will consider those claims to be waived if not repled.")  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: April 24, 2013

                                               _____
                                                       SUSAN ILLSTON
                                                       United States District Judge