UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD D. SMITH, | No. C 13-310 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| K. CHAPPELL, Warden; et al., | |
| Defendants. | |

Floyd D. Smith, an inmate incarcerated on death row at San Quentin State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983, complaining about an alleged risk to his safety. The court dismissed the complaint with leave to amend on April 24, 2013. Smith has sent to the court a letter in which he protested that the court had not complied with his request to identify him as "Plaintiff John Doe (Confidential)" on court filings. (Docket # 5.) He stated that having his name listed as a plaintiff would allow other inmates to use attorneys and friends to access information about confidential safety issues pertaining to his case. He asked that the court dismiss the action and remove from the public record all documents filed in the case. The request is DENIED because dismissing the action will not result in the sealing of the court file.

The court will not permit Smith to prosecute the action using a fictitious "John Doe" plaintiff name in the caption. There is nothing confidential about his name or identity, and it is a matter of public record that he has suffered a murder conviction and is on death row at San

1 Quentin. Additionally, there is a logistical problem if a fictitious name is used for Smith: a
2 mailing from the court or opposing counsel that is addressed to "John Doe" at San Quentin will
3 never reach him because prison officials will not know who among the thousands of prisoners
4 is the prisoner who corresponds to the John Doe designation. Courts also need to have the true
5 names for prisoner-litigants in their records to be able to identify frequent filers and successive
6 habeas petitioners.

7 If Smith wants to file specific documents under seal, there are established procedures and
8 standards for such requests. The court may order a document filed under seal "upon a request
9 that establishes that the document, or portions thereof is privileged or protectable as a trade
10 secret or otherwise entitled to protection under the law, [hereinafter referred to as 'sealable.']
11 The request must be narrowly tailored to seek sealing only of sealable material." N. D. Cal.
12 Local Rule 79-5. There is a strong presumption favoring the public's right of access to court
13 records which should be overridden only for a compelling reason. *Hagestad v. Tragesser*, 49
14 F.3d 1430, 1433-34 (9th Cir. 1995). "Counseling against such access would be the likelihood
15 of an improper use, 'including publication of scandalous, libelous, pornographic, or trade secret
16 materials; infringement of fair trial rights of the defendants or third persons; and residual privacy
17 rights.'" *Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir.
18 1986) (citation omitted). In prisoner cases, genuine concerns that the release of the document
19 will endanger staff or inmates may support an order sealing a document. Those concerns must
20 be described in sufficient detail so that the court can determine that any danger in disclosure
21 outweighs the court's obligation to give the public full access to papers filed in the court.

22 If Smith wants to request that particular documents be filed under seal, he may do so by
23 filing a separate request to file a document under seal at the time he submits the document at
24 issue, in which he explains exactly why the document should be sealed. Smith is cautioned that
25 filing a document under seal would only make it inaccessible to the general public; the
26 defendants and defense counsel will be able to see the document. Finally, if Smith's safety
27 concern stems from the same issues addressed in his earlier action, *Smith v. Woodford*, No. C
28 04-4793 RMW, he is now informed that the court will not seal documents that cover the same

2

information that already exists in public documents on file in that action.

If Smith still wants to dismiss this action, he may file a new request for dismissal. As explained above, a dismissal will not result in the sealing of the documents he filed.

IT IS SO ORDERED.

Dated: May 10, 2013

_____
SUSAN ILLSTON
United States District Judge